OPINION OF THE COURT
John J. Connell, J.
The following constitutes the opinion, decision and order of the court.
A felony complaint was filed on January 2, 1988 charging the defendant with the crimes of robbery in the first degree, criminal use of a firearm in the first degree, and grand larceny in the fourth degree. He was arraigned on the felony complaint on January 4, 1988 in the City Court of Rochester. *79 That felony complaint is still pending before the City Court of Rochester.
The People, by way of order to show cause signed on January 11, 1988, have requested that this court, sitting in its capacity as a Part I court, order the defendant to stand in a lineup with reference to the above-mentioned felony complaint. It is the practice in this county for the Part I Judge to entertain bail review applications, impanel the Grand Jury sitting that term, hear cases involving extradition proceedings, entertain various motions preindictment concerning defendants who have been held for action by the Grand Jury and preindictment suppression motions as well as the court’s regular calendar of cases. It has also been the practice of the District Attorney’s office in this county to bring motions similar to the one brought in this case.
CPL 240.40 (2) authorizes the District Attorney to ask for an order directing a lineup when brought before "the court in which an indictment, superior court information, prosecutor’s information, information or simplified information charging a misdemeanor is pending”. There is no reference in the statute authorizing such action concerning a "felony complaint”. Although applications in the past have been routinely granted by the Part I Judge in County Court, the defendant herein has opposed the People’s application and in support of his position, has submitted to the court a letter from James A. Yates, Esq., dated December 15, 1987, to a member of the Public Defender’s office of Monroe County. Mr. Yates is counsel to the majority of the New York State Assembly.
In discussing the legislative history of CPL 240.40 (2), Mr. Yates stresses that the omission of "felony complaint” from this section was not inadvertent.
Certainly a clear reading of the statute shows that the only form of accusatory instruments that was not listed was a felony complaint. The legislative history of this statute suggests that negotiations between the Governor’s office, the Senate, the District Attorney’s Association, the Office of Court Administration and the State Bar Association resulted in the compromise language as passed by the Legislature.
Accordingly, this court is without jurisdiction to entertain the People’s motion and the same is in all respects hereby denied.